## SUPREME COURT.

THE PEOPLE *ex rel.* JOHN S. HASSELL agt. HENRY HOFFMAN.

*Constitutional law — What is a local bill within the meaning of section 18, article 3 of the constitution.*

An act of the legislature, providing for the length of the term of office of supervisors in four counties of the state, is a local bill within the meaning of section 18 of article 3 of the constitution, and is therefore void. Chapter 253 of the Laws of 1878 held unconstitutional.

*Albany January Circuit*, 1881.  WESTBROOK, justice, presiding.

THIS was an action brought to test the title to the office of supervisor of the first ward of the city of Albany.  At the charter election held in April, 1879, the defendant was duly elected to such office and entered upon its duties.  At the charter election held in May, 1880, the relator Hassell received 539 votes and the defendant 519 votes for supervisor of said ward.  The defendant afterwards continued to discharge the duties of supervisor, under the claim that he was elected for two years at the election held in April, 1879.  The relator claimed that the defendant held office for one year only, and that chapter 253 of the Laws of 1878, extending the term to two years, was unconstitutional.

*Nathaniel C. Moak* and *Edward J. Meegan*, for plaintiff and relator.

*Rufus W. Peckham*, for defendant.

In announcing his decision, WESTBROOK, J., said : "Since this cause was submitted to me, I have found it impossible to prepare a written opinion, owing to the pressure of the circuit.

The People *ex rel.* Hassell agt. Hoffman.

" The action involves the constitutionality of chapter 253 of the Laws of 1878, entitled ' An act relating to the term of office of the supervisors of the counties of Albany, Livingston, Rensselaer and Monroe.' That act provides that the supervisors in these counties ' shall be elected and hold office for a term of two years,' and repeals ' all acts or parts of acts inconsistent therewith, so far as the same apply to the counties of Albany, Livingston, Rensselaer and Monroe.'

" The defendant claims the office of supervisor of the first ward of the city of Albany under an election in 1879, alleging that his term, by virtue of such election, was two years.

" The relator insists that the act of 1878 is unconstitutional, by virtue of article 3, section 18, of the constitution of this state, which declares ' the legislature shall not pass a private or local bill in any of the following cases :    *    *    * Providing for election of members of boards of supervisors,' and that therefore his election to the office of supervisor from the same ward in 1880 was valid.

" The learned counsel for the defendant, whilst not denying that the act under which his client claims title to the office is a ' local ' one, nevertheless insists that it is simply an act extending the term of office of supervisors in the counties mentioned therein, and that it does not provide for their election, which is covered by the general statutes on that subject.

" I cannot, however, regard this argument as sound.    It is true that the statute in question does not prescribe the mode and manner of election, but it does provide for an election in these counties to fill the office of supervisor once every two years, instead of an annual one, and is therefore obnoxious to the constitutional prohibition.

" A reading of the act will show that even its language is not in harmony with the view of the counsel for the defendant.    It in words does not only profess to lengthen or extend the term of office, but it also in terms declares that the supervisors from the counties specified ' shall be elected and hold

office for a term of two years.' This, perhaps, is only a refined criticism. Whether a law only professes to provide for the lengthening of a term of office, or whether it declares how often the election is to be held, in either case, when the office is one which is filled by the popular vote, it does in fact and in substance provide for the election, because it declares two things: First. That the people shall elect the officer from the district prescribed by the law; and, second, the period which elapses between each election.

" For these reasons judgment ousting the defendant from the office of supervisor of the first ward of the city of Albany must be rendered, and also declaring that the relator, John S. Hassell, is entitled thereto."

The jury thereupon, by direction of the court, returned a verdict as follows:

" That the defendant Henry Hoffman has, since the first Tuesday of May, 1880, usurped, intruded into and unlawfully held and exercised the office of supervisor of the first ward of the city of Albany, that he be ousted therefrom, and that the relator, John S. Hassell, is, and since said first Tuesday of May, 1880, has been entitled to occupy, hold and exercise the said office of supervisor, by virtue of the election in the complaint mentioned, and they find generally for the plaintiff and the relator."

NOTE. — This case was affirmed at the general term, third department. [REP.